# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## PAGING, INC.

### V.

## AFTON COMMUNICATIONS CORP. AND STATE CORPORATION COMMISSION

January 16, 1981.

Record No. 800484.

Present: All the Justices.

*Angus H. Macaulay* (*Stephen W. Brewer; Mays, Valentine, Davenport & Moore,* on brief), for appellant.

*C. Richard Cranwell; Denton C. Roberts* (*R. David Barbe; Lewis S. Minter; Cranwell, Flora, Selbe & Barbe,* on briefs), for appellees.

PER CURIAM.

Paging, Inc. (Paging) and Afton Communications Corp. (Afton) filed competing applications with the State Corporation Commission (Commission) for a certificate of public convenience and necessity under Code § 56-508.3 to provide exclusive radio common carrier service in Lee, Wise and Dickenson Counties, and portions of Russell and Scott Counties. The Commission granted Afton's application, and Paging appeals of right, pursuant to Virginia Constitution article IX, § 4 and Code § 12.1-39.

Paging was issued a certificate of incorporation by the Commission on May 1, 1971. It was incorporated as a public service corporation to provide radio common carrier service. Paging has already been issued two certificates of public convenience and necessity authorizing it to provide radio common carrier service in substantial areas of western Virginia. While Paging's application herein was pending, the Commission had before it another application of Paging to amend one of its existing certificates to add several counties to its previously designated service area. By order dated September 13, 1979, entered in Case No. 19016, Paging was authorized to add the latter-requested area to its service territory. This additional grant roughly doubled the Company's service territory.

The two principal stockholders and employees of Paging, Vernon H. Baker and Edward A. Baker, possess FCC First Class Radio Telephone Licenses. Vernon Baker holds Bachelor's, Master's, and Doctor's degrees in engineering and is a licensed professional engineer.

Afton was issued a certificate of incorporation on February 6, 1979. It also was incorporated as a public service corporation to operate as a radio common carrier, and the application at issue was its first request for a certificate of public convenience and necessity. Afton's two principal stockholders, Edward W. Clark, Jr., and Raymond E. Hilton, are businessmen. Clark is a real estate broker, and Hilton owns and operates a burglar alarm company.

Paging's proposed coverage for the area provides for one-way and two-way service as soon as reasonably possible. Concurrent installation of five transmitters at three sites in the Norton, Brumley Mountain, and Pennington Gap areas would provide such one-way coverage. Equipment utilized would be both in line with Paging's equipment at existing transmitter sites and similar in quality and cost to Afton's proposed equipment. Financing in the amount of $255,000 would be available through established bank lines of credit, an equipment financing arrangement with Motorola, Inc., and Paging's own resources.

Afton proposed coverage of the certified area via three phases of development. A facility at High Knob near Norton would be developed as Phase I within twelve months of FCC licensing. Under Phase II a facility would be established within twelve to eighteen months in the Lebanon/Clinchport area, and Phase III would develop coverage in the Pennington Gap area within eighteen to twenty-four months of licensing. Afton proposed one-way service initially, perceiving no need for two-way service.[1] Afton has filed a list of equipment to be purchased for its initial facility. Afton would be financed by Hilton and Clark's personal funds.

Paging alleges that the Commission erred (1) in considering an order entered in a previous hearing which was not properly introduced, (2) in failing to articulate reasoning in support of its decision, and (3) in making a decision not supported by the evidence.

## I. *Consideration of Commission's Previous Order.*

■ In the proceeding below, the Commission could not conclude that the approval of either application was not in the public interest.[2] In resolving this dilemma, the Commission said in part:

---

[1] Afton's equipment has the capability for two-way service, and Clark testified that, if a future demand arose, Afton would provide two-way service.

[2] In its order of December 4, 1979, the Commission stated in pertinent part:

> The Commission's concern is one of public interest. We grant certificates to the applicant which will provide the best service at the most reasonable rate. Based upon this record, we cannot declare unequivocally that approval of either application would not be in the public interest. Nevertheless, we must accept one applicant and deny the other.

Paging now holds two certificates from the Commission to serve two areas of the State. It appears that it has substantial investment yet to be made in facilities in order to serve and develop the full potential of its presently certificated market. The Commission can certainly take notice of its order dated September 13, 1979, by which Paging was granted an amended certificate which approximately doubled its authorized service area. This additional territory, if properly and timely served, will require substantial commitment in additional capital resources and personnel.

The hearing before the Commission from which this appeal arose was held on July 30, 1979, and at that time the order of September 13, 1979, referred to in the Commission's decision in the instant case, was not then in existence. Paging contends that the Commission improperly considered the facts that formed the basis for the later order.

Paging concedes in its brief that the Commission could literally take notice of the existence of its order of September 13, 1979, and of the fact that Paging's service area was to be expanded to include marginal mountainous territory already served by it. But Paging contends that the majority opinion went further and drew impermissible inferences from the interim order. We do not agree, and, accordingly, we feel that the Commission did not act improperly in this regard.

As the presiding commissioner pointed out, the proceeding below was a legislative responsibility of the Commission and therefore the Commission was not bound by the strict rules of evidence as would be a court of record. *See* Code § 12.1-30. Code § 56-508.3 is the enabling legislation for these certificates, and the Commission, in passing judgment between competing applications, was exercising a legislative function. In its brief, Paging cites contrary language in *D. D. Jones Transfer & Warehouse Co.* v. *Commonwealth,* 174 Va. 184, 5 S.E.2d 628 (1939), but there this Court dealt solely with the adequacy of the record from the Commission, and nowhere was the Court called upon to decide the nature of the proceeding before the Commission.

II. *Reasoning in Support of its Decision.*

■ Code § 12.1-39 provides in part: "The Commission shall, whenever an appeal is taken therefrom, file in the record of the case *a statement of the reasons* upon which the action appealed from was based." (Emphasis supplied.) Included in the Appendix at pages 7 through 11 is a section entitled "FINDINGS AND FINAL ORDER" followed by the dissent of one commissioner.

This statute was considered with regard to a similar allegation of inadequacy in the Commission's opinion in *Appalachian Power Co.* v. *Commonwealth,* 216 Va. 617, 625, 221 S.E.2d 872, 878 (1976). We there held that while the Commission's opinion was "non-specific and inadequately documented in many respects," the evidentiary basis for the Commission's finding was ascertainable. We could not hold as a matter of law that the opinion failed to comply with the statutory mandate of Code § 12.1-39. *See also American Bankers Life Assurance Co.* v. *Division of Consumer Counsel,* 220 Va. 773, 785 n.6, 263 S.E.2d 867, 873-74 n.6 (1980), which holds that, if the opinion details the basis for the Commission's decision, it meets the statutory test.

The Commission considered and addressed the central issue in the case, *viz.,* which of the two competing applicants in the same geographical area could better provide radio common carrier service in the public interest. The Commission ruled, *inter alia,* that while both applicants were "competent," Afton was able to concentrate its capital resources and personnel *"to the better advantage of the public. . . ."* (Emphasis added.)[3] We conclude that the findings and order comply with the minimum standards set forth in Code § 12.1-39 and therefore they are sufficient to provide this court with the means to consider whether the action of the Commission was reasonable and just under the circumstances. Accordingly, we find Paging's assignment of error regarding this matter without merit.

III. *Sufficiency of the Evidence.*

In *Virginia Gas Distribution Corp.* v. *Washington Gas Light Co.,* 201 Va. 370, 375, 111 S.E.2d 439, 442-43 (1959), we said:

> The State Corporation Commission is established by the Constitution as a department of government. . . . The Commission is aided by a staff of agents, engineers and experts in arriving at its decisions. The allotment of territory for development . . . is expressly made the duty of the Commission. The Commission has the opportunity to know the ability and experience of the . . . corporation, and the circumstances in the territory sought by it.

---

[3] In its order of December 4, 1979, the Commission stated in pertinent part:
It is our opinion, based on the evidence, that as between these two competent applicants, a certificate of public convenience and necessity should be granted to Afton for the High Knob Mountain site and surrounding area. Afton should be able to concentrate its capital resources and personnel to provide service in this area, to the better advantage of the public.

We cannot sit as a board of revision to substitute our judgment for that of matters within the province of the Commission. [Citations omitted.]

The action of the Commission must be regarded by us as *prima facie* just, reasonable, and correct . . . and cannot be upset in the absence of a showing of an abuse of the discretion vested in it. [Citation omitted.]

A majority of the Commission apparently believed that both applicants could properly serve the territory. The rationale of its decision was that Paging might overextend itself, based on two certificates held for several years and one recently amended, presumably to the point that its performance might be jeopardized. We cannot say as a matter of law that the Commission's conclusion was not supported by the evidence. We therefore affirm its order of December 4, 1979.

*Affirmed.*